**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kingman Hospital, Inc., )<br>            Plaintiff, )<br>      vs. )<br>MPC Computers, LLC, )<br>            Defendant. ) | No. CV-07-8160-PCT-PGR<br><br>ORDER |

The defendant removed this action on December 3, 2007 solely on the basis of diversity of citizenship jurisdiction. Having reviewed the defendant's Notice of Removal to Federal Court to determine if subject matter jurisdiction exists in this Court, the Court finds that the Notice of Removal is facially deficient because it fails to properly allege the existence of diversity of citizenship jurisdiction.[1]

As the Supreme Court has long since, and repeatedly, made clear,

> [t]he established rule is that a plaintiff [or removing defendant], suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss [or remand] the case, unless the defect be corrected by amendment.

---

[1] The defendant is advised that the capitalization of the parties' names in the caption of the Notice of Removal violates LRCiv 7.1(a)(3).

1   Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926); accord, Rilling
2   v. Burlington Northern Railroad Co., 909 F.2d 399, 400 (9th Cir. 1990).
3         The Notice of Removal improperly alleges the citizenship of the defendant
4   inasmuch as it merely states that the defendant "is a Delaware limited liability
5   company, with its principal place of business in Idaho."   This allegation is
6   insufficient as a matter of law because a limited liability company is not treated as a
7   corporation for purposes of determining whether diversity exists under § 1332. Johnson
8   v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwith-
9   standing LLCs' corporate traits, ... every circuit that has addressed the question treats
10  them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our
11  sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which
12  its owners/members are citizens.")  What is thus required in the Notice of Removal is an
13  affirmative allegation that specifically identifies each member of the defendant limited
14  liability company and specifically identifies the citizenship of each such member.
15        In order to cure this pleading deficiency, the Court will require the defendant to
16  file an amended notice of removal that properly alleges the existence of diversity of
17  citizenship jurisdiction.  The defendant is advised that its failure to timely comply with
18  this Order shall result in the remand of this action without further notice for lack of
19  subject matter jurisdiction.   Therefore,
20        IT IS ORDERED that the defendant shall file an amended notice of removal
21  properly stating a jurisdictional basis for this action no later than **December 14, 2007.**
22        DATED this 4th day of December, 2007.

_____
Paul G. Rosenblatt
United States District Judge