**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kingman Hospital, Inc., <br><br>            Plaintiff, <br>    vs. <br><br> MPC Computers, LLC, <br><br>            Defendant. | No. CV-07-8160-PCT-PGR <br><br> <u>ORDER</u> |

In an order (doc. #5) entered on December 4, 2007, the Court required the defendant to file an amended notice of removal because the original notice failed to properly allege the existence of diversity of citizenship jurisdiction, the sole alleged basis for this Court's jurisdiction over this action. On December 6, 2007, the defendant filed an Amended Notice of Removal to Federal Court (doc. #6). Having reviewed that amended notice, the Court finds that it still fails as a matter of law to properly allege the citizenship of the defendant.[1]

The amended notice's jurisdictional statement concerning the defendant is facially deficient because it merely states that MPC Corporation, which is alleged

---

[1] The Court also informed the defendant in its December 4th order that the capitalization of the parties' names in the caption of a document filed with the Court violates LRCiv 7.1(a)(3). The defendant made the same error in its amended notice. The Court trusts that the error will not be repeated.

1 to be the sole member of the defendant's sole member, is "a Colorado
2 corporation[.]"   Since a corporate party is a citizen of the state in which it is
3 incorporated and of the state where it has its principal place of business, 28
4 U.S.C. § 1332(c)(1), "an allegation that a corporation is a citizen of a certain state
5 (without more) is not an allegation of fact, but a mere conclusion of law" that is
6 inadequate to establish diversity jurisdiction.  <u>Fifty Associates v. Prudential</u>
7 <u>Insurance Co. of America</u>, 446 F.2d 1187, 1190 (9th Cir. 1970).

8     The Court will give the defendant one last chance to cure the pleading
9 deficiency by filing a second amended notice of removal that properly alleges its
10 citizenship.  The defendant is advised that its failure to timely and properly do so
11 shall result in the remand of this action without further notice for lack of subject
12 matter jurisdiction.   Therefore,

13     IT IS ORDERED that the defendant shall file a second amended notice of
14 removal properly stating a jurisdictional basis for this action no later than
15 **December 17, 2007**.

16     DATED this 10th day of December, 2007.

Paul G. Rosenblatt
United States District Judge