**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kingman Hospital Inc., <br><br>        Plaintiff, <br>vs. <br><br>MPC Computers, LLC, <br><br>        Defendant. | No. CV-07-8160-PCT-PGR <br><br><u>ORDER</u> |

      Pending before the Court is Defendant's Motion to Dismiss (doc. #16). Having considered the parties' memoranda in light of the evidence of record and the oral argument of counsel, the Court finds that the motion to dismiss should be granted pursuant to Fed.R.Civ.P. 12(b)(3).

      This removed action arises from an allegedly defective Storage Area Network ("SAN") that plaintiff Kingman Hospital, Inc., dba Kingman Regional Medical Center, purchased for its computer system from defendant MPC Computers, LLC in March, 2006. The complaint alleges claims for breach of contract and breach of implied warranties. MPC has moved to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue based on a forum selection clause. Since this is a Rule 12(b)(3) motion, the pleadings need not be accepted as true, the Court may consider facts outside of the pleadings, and the Court

must draw all reasonable inferences in favor of the non-moving party and resolve any factual conflicts in favor of the non-moving party. Murphy v. Schneider National, Inc., 362 F.3d 1133, 1137-38 (9th Cir.2004).

The parties do not dispute that MPC's Terms and Conditions of Sale document provided to Kingman Hospital with regard to the sale of the SAN provided in relevant part as follows:

> This Agreement shall be construed in accordance with and governed by the laws of the state of Idaho, without regard to its conflicts of laws provisions. You hereby consent to the exclusive jurisdiction and venue of the state courts of Idaho to resolve any and all customer disputes with MPC, and you waive all defenses to such jurisdiction and venue including, but not limited to, any defense based on inconvenient forum. ...

The first issue before the Court is whether it would be unreasonable under all of the circumstances of this action to enforce the forum selection clause. The Court concludes that it would not be unreasonable to do so.

In its response to the motion to dismiss, Kingman Hospital contends that the forum selection clause is invalid under substantive Idaho law and that its choice of Arizona as the venue for this litigation should therefore be honored.[1]

---

[1] The gist of Kingman Hospital's defense in its response is (1) that the choice of law provision in the Terms and Conditions cannot prevent the Court from applying Arizona's choice of law provisions in construing the choice of law clause, (2) that Arizona law would enforce the choice of law clause in the Terms and Conditions which provides that Idaho law (except for Idaho's choice of law provisions) governs the parties' rights and duties, and (3) that Idaho substantive law reflects a strong public policy that renders forum selection clauses void in that Idaho Code § 29-110(1) provides that "[e]very stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals, or which limits the time within which he may enforce his rights, is void." Kingman Hospital argues that the forum selection clause is void because it would prevent it from enforcing its rights by the "usual proceedings" in the Arizona tribunal it selected as the

(continued...)

The Court cannot agree. The Ninth Circuit, unlike some other circuits, mandates that federal law, not state law, determines the effect and scope of a forum selection clause in diversity suits. Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir.1988); *accord*, Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir.), *cert. denied*, 531 U.S. 928 (2000).

The Ninth Circuit has adopted the principles set forth in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907 (1972), as governing the enforceability of domestic forum selection clauses. Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 279 (9th Cir.1984). In Bremen, the Supreme Court held that forum selection clauses in commercial contexts are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." 92 S.Ct. at 1913. The Supreme Court construes this exception narrowly, providing that a forum selection clause is unreasonable only if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power, (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court, or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. Murphy v. Schneider National, Inc., 362 F.3d at 1140; Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir.1996). The party challenging the forum selection clause bears a "heavy burden" in establishing one of the grounds for rejecting enforcement. Bremen, 92 S.Ct. at 1917; Jones v. GNC Franchising, Inc., 211 F.3d at 497.

---

[1](...continued)
plaintiff for the resolution of this dispute.

Kingman Hospital contends that the Bremen factors do not mandate a dismissal based on the forum selection clause in part because the contractual provision containing the forum selection clause was a non-negotiated contract of adhesion requiring litigation in what it states is a non-neutral forum (Idaho being MPC's principal place of business). The Court is unpersuaded and concludes that the first two Bremen factors are not met here because there is no evidence in the record establishing that the forum selection clause was in any way procured by fraud, overreaching, or the exercise of undue influence, or that the clause is so fundamentally unfair that Kingman Hospital would effectively be denied a meaningful day in court if it were forced to litigate its dispute with MPC in the Idaho state court system.

Kingman Hospital also argues that "the forum selection clause in the MPC Terms and Conditions is void as offending the public policy of Idaho, the law governing this dispute." The Court rejects this contention because the third Bremen exception refers to the public policy of "the forum in which suit is brought," Bremen, 92 S.Ct. at 1916, which in this case is Arizona, not Idaho; the Court further rejects Kingman Hospital's contention that the contractual choice of law provision, which designates Idaho law the governing law, makes Idaho public policy controlling. *See* Jones v. GNC Franchising, Inc., 211 F.3d at 497-98 (Court invalidated a forum selection clause requiring litigation in Pennsylvania because the clause violated a strong public policy in California, the forum state, notwithstanding that the contract also included a choice of law provision requiring that the contract be construed under Pennsylvania law.); ADT Security Services, Inc. v. Apex Alarm, LLC, 430 F.Supp.2d 1199 (D.Colo.2006) (Court, dealing with a subcontract that provided it was governed by the laws of Idaho and that


designated Bonneville County, Idaho as the forum for any disputes, dismissed an action brought in Colorado for improper venue, holding that under federal law the litigation was required to be brought in Idaho notwithstanding the language of Idaho Code § 29-110(1).)

Enforcement of a forum selection clause such as the one at issue does not contravene any strong Arizona public policy as Arizona courts routinely hold that forum selection clauses are presumptively valid and that the party claiming the oppressiveness or unreasonableness needed to invalidate such a clause must meet a heavy burden of proof. *See e.g.*, Bennett v. Appaloosa Horse Club, 35 P.3d 426, 428 and 431 (Ariz.App.2001) (Court, in affirming the dismissal of a breach of contract action against an Idaho defendant, found that a forum selection clause requiring litigation to be filed in a federal or state court in Latah County, Idaho was enforceable.)

The second issue before the Court is whether the forum selection clause is a mandatory or a permissive one under the governing federal law. The Court concludes that the forum selection clause at issue is a mandatory one inasmuch as the clause designates the Idaho state courts as having "exclusive jurisdiction and venue[.]" *See e.g.*, Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77-78 (9th Cir.1987) (Court noted that forum selection clauses are mandatory if they designate a court as being the exclusive forum for litigation.)  Therefore,

IT IS ORDERED that Defendant's Motion to Dismiss (doc. #16) is granted pursuant to Fed.R.Civ.P. 12(b)(3) and that this action is dismissed in its entirety.

/  /  /

/  /  /

/  /  /

1  The Clerk of the Court shall enter judgment accordingly.

2        DATED this 13th day of May, 2008.

Paul G. Rosenblatt
United States District Judge